IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-03340-PAB

NUEVA AMERICANA III, LLC,

        Plaintiff,

v.

OHIO SECURITY INSURANCE COMPANY,

        Defendant.

_____

### ORDER TO SHOW CAUSE

_____

The Court takes up this matter *sua sponte* on defendant's Notice of Removal

[Docket No. 1].  Defendant states that the Court has subject matter jurisdiction over this

lawsuit pursuant to 28 U.S.C. § 1332(a).  Docket No. 1 at 3, ¶ 14.

In every case and at every stage of the proceeding, a federal court must satisfy

itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *See*

*Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628

F.2d 1289, 1297 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court

may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC,* 427

F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of

jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the

Court's duty to do so.  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.

1988).  Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently alleged are insufficient to establish plaintiff's citizenship.

Defendant states that plaintiff "is a Colorado limited liability company that maintains its principal place of business in Wheat Ridge, Colorado." Docket No. 1 at 3, ¶ 15. Unlike a corporation, however, whose citizenship is based on its state of incorporation and principal place of business, the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). Because neither the complaint

2

nor the notice of removal identifies plaintiff's members or the citizenship of those members, the Court is unable to determine the citizenship of plaintiff and whether the Court has jurisdiction. *Cf. Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010) (concluding that an allegation that "upon information and belief, the members of [an LLC] are citizens of New York" was insufficient because plaintiff "failed to identify or trace the citizenship of each individual member" of the LLC (internal quotation marks omitted)). It is therefore

**ORDERED** that, on or before **5:00 p.m.** on **January 25, 2019**, defendant shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

DATED January 16, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge